# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

Billy Wayne Domingue                                Civil Action 02-1438

versus                                              Judge Tucker L. Melançon

Opelousas Police Dept., et al                       Magistrate Judge C. Michael Hill

**ORDER**

Before the Court is pro se plaintiff, Billy Wayne Domingue's, Motion To 'Order' Pre-Trial Conference With Motion To Set 'Jury Trial' [Rec. Doc. 36] dated March 30, 2005, in which plaintiff requested that the Court set a pre-trial conference and a trial by jury in this case.[1]  The record indicates that defendants have filed no response to plaintiff's motion.  On June 30, 2005, the Court issued a scheduling order in this matter setting out the pretrial conference and trial dates.  Because plaintiff's original Complaint and Amended Complaints did not include a jury demand, however, the Scheduling Order indicated a bench trial rather than a jury trial.  *R. 1, 5, 10.*

Plaintiff's motion to add a jury demand is governed by Fed.R.Civ.P. 38, which provides that a demand for trial by jury must be asserted not later than ten days after service of the last pleading directed to any issue triable of right by a jury, Fed.R.Civ.P. 38(b), and that failure to do so constitutes a waiver by the party of trial by jury. *Id*.; Fed.R.Civ.P. 38(d).  However, "notwithstanding the failure of a party to

---

[1] The Court was unaware of plaintiff's motion to set a "jury trial," but was recently informed of the pending motion in the parties' Rule 26(f) Report filed on August 24, 2005 [Rec. Doc. 48].

demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed.R.Civ.P. 39(b).

Plaintiff filed his original Complaint on July 5, 2002, his First Amended Complaint on September 9, 2002 and his Second Amended Complaints on March 10, 2004. *R. 1; 5; 10.* All defendants were served with plaintiff's Complaint and First and Second Amended Complaints and all defendants filed their answers to these complaints on June 9, 2004. *R. 13, 14, 15, 16.* Because plaintiff failed to comply with Rule 38(b)'s requirement to serve a jury demand within ten days of defendant's answer, he waived his right to a jury. However, as Rule 39(b) grants the Court the discretion to relieve a party from its waiver of a jury trial, the Court must consider whether to use its discretion in granting plaintiff's request for a jury. In *McDonald v. J. Steward,* 132 F.3d 225, 229 (5th Cir.1998), the Fifth Circuit stated: "[W]e must be mindful that maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.... Thus, courts should indulge every reasonable presumption against waiver." *Id.* at 229. Even a late request for trial by jury "should be favorably received unless there are persuasive reasons to deny it." *Daniel*, 916 F.2d at 1064. In *Daniel*, the Fifth Circuit established the following five factors that district courts should consider in the exercise of discretion under Rule 39(b):

> (1) whether the case involves issues which are best tried to a jury;
>
> (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

(3) the degree of prejudice to the adverse party;

(4) the length of the delay in having requested a jury trial; and

(5) the reason for the movant''s tardiness in requesting a jury trial.

*Daniel*, 916 F.2d at 1064.

Applying the five *Daniel* factors in the instant case compels the conclusion that plaintiff's jury demand should be permitted. The section 1983 claims involved in this case are ordinarily and routinely determined by juries in this Court. There is substantial time before the trial scheduled on March 20, 2006, [Rec. Doc. 41], so that permitting the amendment will neither disrupt the Court's schedule nor prejudice any other party in its trial preparation. Moreover, plaintiff filed his complaint pro se and could not be expected to have been aware of the provisions of Rule 38 concerning the requirement affirmatively to demand a jury trial. Accordingly,

IT IS ORDERED that plaintiff's Motion To 'Order' Pre-Trial Conference With Motion To Set 'Jury Trial' [Rec. Doc. 36] is GRANTED and the Clerk of Court is directed to note plaintiff's jury demand on the docket of this case.

THUS DONE AND SIGNED in Lafayette, Louisiana, on this 25th day of August, 2005.

Tucker L. Melançon
UNITED STATES DISTRICT JUDGE