RECEIVED
OCT 3 1 2003
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **BILLY WAYNE DOMINGUE** | **CIVIL ACTION NO. 02-1438** |
| **VERSUS** | **JUDGE MELANÇON** |
| **LARRY CALLIER<br>VERNON JONES<br>RODNEY MAY** | **MAGISTRATE JUDGE METHVIN** |

## ORDER REGARDING MOTIONS TO APPOINT INVESTIGATOR, MEDICAL EXAMINER, AND AIR-BAG SPECIALIST
*(Rec. Docs. 60, 61, 62)*

Before the court are three motions filed by *pro se* plaintiff Billy Wayne Domingue: 1) Motion to Appoint Independent Investigator, with Motion to Procure Funding for Appointment;[1] 2) Motion to Appoint Independent Medical Examiner, with Motion to Procure Funding for Appointment;[2] and 3) Motion to Appoint Independent Investigator, with Motion to Procure Funding for Appointment.[3]

Plaintiff asserts that in order to prosecute this case, he needs the assistance of an investigator to interview witnesses, examination by a medical source to identify his injuries, and testimony from an air-bag expert to refute one of the defenses lodged by the defendants. Plaintiff maintains that he does not have the resources to secure the necessary information from the experts. Plaintiff provides no statutory or case authority authorizing payment for expert assistance.

---

[1] Rec. Doc. 60.

[2] Rec. Doc. 61.

[3] Rec. Doc. 62.

"[E]xpenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." United States v. MacCollom, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976). Plaintiff is proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915. Section 1915 does not provide for the appointment of expert witnesses to aid litigants. In Pedraza v. Jones, 71 F.3d 194 (5th Cir. 1995), the court concluded that absent specific statutory language allowing either the court to pay or waive fees for an expert witness, the court has no authority to appoint an expert witness under section 1915.

Further, although a court may appoint an expert under Fed.R.Evid Rule 706, the undersigned concludes that this case does not require such an appointment. Under Rule 706, the expert witness must either be agreed upon by the parties or selected by the court and compensation of the expert is by the parties "in such proportion and at such time as the court directs." Rule 706(b). In the case at bar, plaintiff made no showing that he attempted to procure an expert, nor has he requested the appointment of an expert pursuant to Rule 706. More importantly, Rule 706 is not meant to aid a litigant in the presentation of his case, but rather is limited to situations where an independent expert is needed to assist the trier of fact. Here, plaintiff has requested appointment of the experts for his own benefit.

Considering the foregoing,

**IT IS ORDERED** that plaintiff's Motion to Appoint Independent Investigator, with Motion to Procure Funding for Appointment is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Independent Medical Examiner, with Motion to Procure Funding for Appointment is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Air-Bag Specialist, with Motion to Procure Funding for Appointment is **DENIED**.

Signed at Lafayette, Louisiana on ___October 28___, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140     FAX 593-5155

COPY SENT
DATE 10.31.05
BY MS
TO MEM
CG