RECEIVED
OCT 3 1 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **BILLY WAYNE DOMINGUE** | **CIVIL ACTION NO. 02-1438** |
| **VERSUS** | **JUDGE MELANÇON** |
| **LARRY CALLIER**<br>**VERNON JONES**<br>**RODNEY MAY** | **MAGISTRATE JUDGE METHVIN** |

## ORDER REGARDING MOTION FOR APPOINTMENT OF COUNSEL

Before the court is a Motion for Appointment of Counsel, or Alternatively, Motion to Order Elayn Hunt Correctional Center to Assign Inmate Counsel to Be Present for Assistance at All Stages, Including Being Present for Any Hearings, Conferences, or Trials filed by *pro se* plaintiff Billy Wayne Domingue on October 24, 2005.[1]

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." Robbins v. Maggio, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff.

In the case of Mallard v. United States District Court for the Southern District, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ

---

[1] Rec. Doc. 59.

counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See* Ulmer v. Chancellor, 691 F.2d. 209, 212 (5th Cir. 1982) and Jackson v. Cain, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See* Parker v. Carpenter, 978 F.2d. 190 (5th Cir. 1992), *citing* Murphy v. Kellar, 950 F.2d. at 293, n.14; *see also* Ulmer, 691 F.2d. at 213, and Jackson, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See* Jackson, 864 F.2d. at 1242; Ulmer, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

Plaintiff has not made any showing that he has tried to retain an attorney through a contingency fee arrangement or otherwise. Further, this case does not present exceptional circumstances. Plaintiff claims that the defendants used excessive force against him by hitting and kicking him. These claims are typical of those often asserted in civil rights litigation and is

not complex. The court is mindful that plaintiff has no formal training in the law and only limited access to the law library. These are issues faced by virtually all *pro se* litigants. Likewise, although plaintiff claims that he is wheelchair bound, he has not shown how this will affect his ability to prosecute his case. The courtrooms are handicap-accessible and appropriate accommodations can be made to assist plaintiff when necessary.

Regarding plaintiff's request that the court order Elayn Hunt Correctional Center ("EHCC") to assign inmate counsel to be present for all court appearances, the undersigned notes that such an arrangement will pose logistical problems for EHCC, which will be required to transport and employ security officers to tend to inmate counsel. Moreover, inmate counsel will have to be a licensed attorney in order to make court appearances on behalf of plaintiff. Plaintiff has not provided any information indicating that inmate counsel has a current license to practice law and is admitted in the United States District Court, Western District of Louisiana.

Plaintiff's preparation for trial, however, will take place inside EHCC, and assuming inmate counsel is available, such assistance may be beneficial to plaintiff. Accordingly, by copy of this Order to EHCC, the undersigned requests that EHCC make inmate counsel available to plaintiff at EHCC for trial preparation purposes.

Considering the foregoing,

**IT IS ORDERED** that plaintiff's Motion for Appointment of Counsel, or Alternatively, Motion to Order Elayn Hunt Correctional Center to Assign Inmate Counsel to Be Present for Assistance at All Stages, Including Being Present for Any Hearings, Conferences, or Trials is **DENIED**.

4

**IT IS FURTHER ORDERED** that the Clerk shall provide a copy of this Order to Warden, Elayn Hunt Correctional Center, P.O. Box 174, St. Gabriel, LA. 70776.

Signed at Lafayette, Louisiana on _October 28_, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140   FAX 593-5155

COPY SENT
DATE 10.31.05
BY MS
TO MEM
CG